IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRUM & FORSTER SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> BROADVIEW APARTMENTS, LLC, and FRANCES GREEN, <br><br> Defendants. | ) ) ) ) ) ) Case No.: ) Honorable ) ) ) ) ) ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum & Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants Broadview Apartments, LLC ("Broadview Apartments"), and Frances Green (the "Claimant"), states as follows:

### NATURE OF THE ACTION

1. In this action, CFSIC seeks a determination of its rights and obligations under an insurance policy issued to Defendant Broadview Apartments in connection with an Underlying Action (as defined herein) filed by the Claimant, which asserts certain claims against Broadview Apartments.

2. The Underlying Action (defined herein) is pending in the Circuit Court of Cook County, Illinois.

3. CFSIC issued a Commercial General Liability Policy (the "Policy" as defined herein) to Broadview Apartments, as described more fully below.

4. The scope of coverage available to Broadview Apartments in connection with the claims asserted against them in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

Page **1** of **13**

**JURISDICTION AND VENUE**

5. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

6. Plaintiff CFSIC is a Delaware corporation with a statutory home office in Delaware and a main administrative office in Morristown, New Jersey. At all relevant times, CFSIC conducted business in the State of Illinois.

7. Defendant Broadview Apartments is a limited liability company organized under the laws of Illinois with its principal place of business in Chicago, Illinois. The sole member of Broadview Apartments is Ajay Shah, who is a citizen of Illinois.

8. Defendant Frances Green is a resident of Chicago, Illinois and a citizen of the State of Illinois. Plaintiff CFSIC does not assert any claim against Defendant Frances Green in the Complaint and she has been named as a defendant in this action solely as a necessary and indispensable party.

9. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff CFSIC, on the one hand, and Defendants Broadview Apartments, and Frances Green, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying Broadview Apartments with regard to the Underlying Action exceeds $75,000.

10. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Action occurred in this District, and the Policy was issued and delivered in this District.

11. An actual justiciable controversy exists between CFSIC, on the one hand, and Broadview Apartments and Frances Green, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court

is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION

12. On July 10, 2025, Frances Green filed a Complaint (the "Complaint") against Broadview Apartments, LLC in the Circuit Court of Cook County, Illinois, in a lawsuit captioned *Frances Green v. Broadview Apartments, LLC.*, Case No. 2025L065097 ("Underlying Action"). A true and correct copy of the Complaint in the Underlying Action is attached hereto as **Exhibit A**.

13. The Complaint alleges that Broadview Apartments owned, operated, possessed, managed, maintained and controlled residences located at 1015 W. 19th Street, Broadview, Illinois 60153. Ex. A, 1.

14. The Complaint further alleges that Claimant reportedly rented an apartment from the above residences, which was allegedly owned and managed by Broadview Apartments. Ex. A, 1.

15. Claimant alleges in the Complaint that, at all times after Claimant moved into the apartment and before October 9, Broadview Apartments managed and maintained the common areas around and adjacent to the apartment and was present in the common areas therein. Ex. A, 1.

16. The Complaint further alleges that, at all times before October 9, 2024, Claimant notified Broadview Apartments of water damage coming into her apartment due to multiple leaks. Ex. A, 2.

17. The Complaint further alleges that Broadview Apartments knew or should have known that there was a continuing presence of existing filthy, dirty, and nasty bacteria contained mold in and throughout the apartment as a result of the water damage. Ex. A, 2.

18. The Complaint further alleges that Broadview Apartments was negligent in many ways including, but not limited to: failing to examine, inspect and supervise its premises when it knew or in the exercise of ordinary care should have known that the premises were dangerous, failing to provide a warning of the unreasonably dangerous condition in the premises which constituted a dangerous condition on said premises, failing to maintain the premises to avoid exposing the Claimant to infection due to the unreasonably dangerous condition, failing to repair and or remedy the aforesaid dangerous condition so to avoid exposing the Claimant to infection, created an unreasonably dangerous condition to remain in the premises, and allowed and permitted an unreasonably dangerous condition to remain in the premises. Ex. A, 3.

19. The Claimant further alleges in the Complaint that, as a direct and proximate result of Broadview Apartment's negligence, she became exposed to bodily injury causing bacteria mold. Claimant further alleges in the Complaint that she was injured, sustained pain and suffering, suffered a loss of her normal life, lost wages or other income and became liable for large sums of money endeavoring to be cured of her pain, suffering and injuries, resulting in great economic and non-economic damages to the Claimant. Ex. A, 3.

20. The Complaint seeks damages against Broadview Apartments for alleged negligence and premises liability in excess of $100,000, along with costs and prejudgment and post-judgment interest. Ex. A, 3.

**POLICY**

21. CFSIC issued Commercial General Liability policy number GLO-107895, effective from August 1, 2024 to August 1, 2025 (the "Policy"), to named insured PNS Management, LLC. Pursuant to endorsement (GU 207 Ed. 6-78), the Named Insured under the Policy was amended to include, *inter alia*, Broadview Apartments, LLC . A copy of the Policy is attached hereto as **Exhibit B**.

22. The Policy contains the following relevant provisions:

**SECTION I - COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking "damages" for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result. But:

        **(1)** The amount we will pay for "damages" is limited as described in Section **III** – Limits Of Insurance And Deductible; and

        **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

* * *

    **b.** This insurance applies to "bodily injury" and "property damage" only if:

        **(1)** The "bodily injury" or "property damage" occurs on the premises shown in the Schedule or the grounds and structure appurtenant to those premises;

        **(2)** The "bodily injury" or "property damage" occurs during the policy period; and

        **(3)** Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or

     "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

* * *

Ex. B, 7.

**COVERAGE B - PERSONAL AND ADVERTISING INJURY LIABILITY**

 **1.** **Insuring Agreement**

   **a.** We will pay on behalf of the insured, in excess of the deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those "damages." However, we will have no duty to defend the insured against any "suit" seeking "damages" for "personal and advertising injury" to which this insurance does not apply. . . .

Ex. B, 12.

* * *

Section V – Definitions of the Policy contains the following relevant definitions:

* * *

 **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

* * *

 **13**. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

 **14.** "Personal and advertising injury" means injury, including consequential "bodily injury", arising out of one or more of the following offenses:

   **a.** False arrest, detention or imprisonment;
   **b.** Malicious prosecution;
   **c.** The wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor;
   **d.** Oral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services;

      **e.**    Oral or written publication, in any manner, of material that violate a person's right of privacy;

      **f.**    The use of another's advertising idea in your "advertisement"; or

      **g.**    Infringing upon another's copyright, trade duress or slogan in your "advertisement".

* * *

**17.**    "Property damage" means:

      **a.**    Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**    Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

      **c.**    "Natural resource damages"

For the purposes of this insurance, electronic data is not tangible property…

* * *

**18.**    "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

      **a.**    An arbitration proceeding in which such damages are claimed and to which the insured must submit with our consent; or

      **b.**    Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

* * *

Ex. B, 19-22.

23.    Pursuant to the operation of the Fungi or Bacteria Exclusion endorsement (form CG 21 67 12 04), the Exclusions section of Coverage A of the Policy was amended to include the following exclusion:

**Fungi or Bacteria Exclusion**

A. The Following exclusion is added to Paragraph **2. Exclusions of Section I – Coverage A – Bodily Injury and Property Damage Liability:**

  **2. Exclusions**

   This insurance does not apply to:

   **Fungi or Bacteria**

   a. "Bodily injury" or "property damage" which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, exposure to, existence of, or presence of, any "fungi" or bacteria on or within a building or structure, including its contents, regardless of whether any other cause, event, material or product contributed concurrently or in any sequence to such injury or damage.

   b. Any loss, costs or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxing, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, "fungi" or bacteria, by any insured or by any other person or entity.

* * *

   The following definition is added to the **Definitions** Section:

   "Fungi" means any type of form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi.

Ex. B, 40.

   24. The **Limitation of Coverage to Designated Premises** Endorsement lists 1015 W 19th Street, Broadview, IL 60153 as a Designated Premises and provides the following:

   1. Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

    **b.** This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

      (1) The "bodily injury" or "property damage" occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises;
      (2) The "bodily injury" or "property damage" occurs during the policy period; and

      **(3)** Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Ex. B, 64.

## COUNT I
## No Duty to Defend or Indemnify Broadview Apartments Under Coverage A of the Policy

25.     CFSIC incorporates by reference herein paragraphs 1 through 24, as if the same were fully set forth at length.

26.     CFSIC issued Policy GLO-107895 to Broadview Apartments, which was effective from August 1, 2024 to August 1, 2025.

27.     The insuring agreement for Coverage A of the Policy provides, in pertinent part, that coverage is afforded for those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. Ex. B, 7.

28.     The Policy defines "bodily injury" to mean "bodily injury, sickness, or disease sustained by a person including death resulting from any of these at any time." The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B, 19, 21.

29.     The Insuring Agreement of Coverage A further provides, in pertinent part, that "[t]his insurance applies to 'bodily injury' or 'property damage' only if . . . [t]he 'bodily injury' or 'property damage' occurs on the premises shown in the Schedule. . ." Ex. B, 7.

30. Pursuant to operation of the Limitation of Coverage to Designated Premises Endorsement, 1015 W 19th Street, Broadview, IL 60153, is included as a Designated Premises under the Policy. Ex. B, 64.

31. The Complaint in the Underlying Action alleges that Frances Green sustained injuries as a result of exposure to bacteria contained mold within the apartment she was renting located at 1015 W 19th Street, Broadview, IL 60153. Ex. A, 2-3.

32. The Complaint in the Underlying Action seeks to impose liability against Broadview Apartments for "bodily injury" caused by an "occurrence" on a scheduled premises as those terms are defined in the Policy.

33. The Complaint in the Underlying Action includes allegations that appear to meet the requirements of the insuring agreement for Coverage A of the Policy.

34. However, even if the allegations in the Complaint could be reasonably interpreted as satisfying the requirements of coverage under the insuring agreement of Coverage A, certain exclusions and endorsements contained in Coverage A of the Policy would operate to preclude coverage in this matter.

35. The Fungi or Bacteria Exclusion endorsement contained in the Policy states that the insurance provided by the Policy does not apply to "'bodily injury' or 'property damage' which would not have occurred, in whole or in part, but for the actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of, any 'fungi' or bacteria on or within a building or structure. . ." Ex. B, 40.

36. Pursuant to the Fungi or Bacteria Exclusion endorsement contained in the Policy, the Definitions Section of the Policy was amended to define "Fungi" to mean "any type of form of fungus, including mold or mildew and any mycotoxins, spores, scents or byproducts produced or released by fungi." Ex. B, 40.

37. The Complaint in the Underlying Action alleges that Frances Green suffered bodily injury as a result of exposure to bacteria filled mold. Ex. A, 2-3.

38. The Complaint in the Underlying Action further alleges that Broadview Apartments knew or should have known that there was a continuing presence of existing filthy, dirty and nasty bacteria contained mold in and throughout the apartment, which created and caused an unreasonably dangerous and hazardous condition. Ex. A, 2.

39. The Complaint in the Underlying Action further alleges that Frances Green's exposure to bodily injury causing bacteria filled mold was a direct and proximate result of Broadview Apartments' negligence. Ex. A, 3.

40. The allegations of the Complaint fall squarely within the scope of the Fungi or Bacteria Exclusion contained in the Policy.

41. Accordingly, the claims asserted against Broadview Apartments in the Complaint in the Underlying Action are precluded from coverage by operation of the Fungi and Bacteria Exclusion and, therefore, CFSIC Policy GLO-107895 does not afford coverage to Broadview Apartments for the claims asserted against it in the Underlying Action.

WHEREFORE, CFSIC seeks a judgment that it owes no duty under Coverage A of Policy GLO-107895 to defend or indemnify Broadview Apartments in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

## COUNT II
### No Duty to Defend or Indemnify Under Coverage B of the Policy

42. The insuring agreement for Coverage B – Personal and Advertising Injury Liability of the Policy provides, in pertinent part, that coverage is afforded for those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. Ex. B, 12.

43. The Policy defines "personal and advertising injury" to mean "injury, including consequential 'bodily injury', arising out of one or more of the following offenses: (a) [f]alse arrest, detention or imprisonment; (b.) [m]alicious prosecution; (c.) [t]he wrongful eviction from, wrongful entry into, or invasion of the right of private occupancy of a room, dwelling or premises that a person occupies, committed by or on behalf of its owner, landlord or lessor; (d.) [o]ral or written publication, in any manner, of material that slanders or libels a person or organization or disparages a person's organization's goods, products or services; (e.) [o]ral or written publication, in any manner, of material that violate a person's right of privacy; (f.) [t]he use of another's advertising idea in your "advertisement"; or (g.) [i]nfringing upon another's copyright, trade duress or slogan in your "advertisement." Ex. B, 21.

44. The Complaint does not include any allegations of injury, including consequential 'bodily injury", arising out of any the offenses enumerated in the Policy's definition of "personal and advertising injury".

45. Accordingly, the allegations of the Complaint fail to satisfy the requirements of the insuring agreement of Coverage B of the Policy.

WHEREFORE, CFSIC seeks a judgment that it owes no duty under Coverage B of Policy GLO-107895 to defend or indemnify Broadview Apartments in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

**PRAYER FOR RELIEF**

Plaintiff Crum & Forster Specialty Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants Broadview Apartments, and Frances Green declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant Broadview Apartments for the claims asserted against it in the Complaint filed in the Underlying Action;

c. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to defend or reimburse defense costs incurred by Defendant Broadview Apartments in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

d. Crum & Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify Defendant Broadview Apartments in connection with the claims asserted against it in the Complaint filed in the Underlying Action;

e. Crum & Forster Specialty Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Dated: November 12, 2025

Respectfully Submitted,

By: */s/ James J. Hickey*
James J. Hickey, Atty. No. 6198334
James.Hickey@kennedyslaw.com
Samson Polovina, Atty. No. 6342626
Samson.Polovina@kennedyslaw.com
KENNEDYS CMK
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 800-5029
Fax: (312) 207-2110

*Attorneys for Crum & Forster Specialty Insurance Company*